UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| SHERRY SLAYTON TAYS, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 4:17-cv-01929-ACA ) |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) ) ) |
| Defendant. | ) |

# MEMORANDUM OPINION

Plaintiff Sherry Slayton Tays appeals the Social Security Commissioner's denial of her claim for a period of disability and disability insurance benefits. On November 26, 2018, the magistrate judge entered a report in which he recommended that the court affirm the Commissioner's decision. (Doc. 16). On December 3, 2018, Ms. Tays filed objections to the report and recommendation. (Doc. 17). Pursuant to 28 U.S.C. § 636(b)(1)(C), this case is before the court for a review of Ms. Tays's objections to the report and recommendation.

Ms. Tays makes two objections to the magistrate judge's report and recommendation. First, Ms. Tays objects to the magistrate judge's finding that a November 5, 2016 physician statement from Dr. Huma Khusro is chronically

1

irrelevant.[1]  Second, Ms. Tays objects to the magistrate judge's conclusion that the ALJ gave proper weight to consulting physician Dr. Robert Estock.  The court examines each objection below.

I.	**Dr. Khusro's November 5, 2016 Physician Statement**

The ALJ issued her decision on October 20, 2016.  (R. 21-30).  On December 6, 2016, Ms. Tays submitted evidence that post-dates the ALJ's decision, including a November 5, 2016 physician statement from Dr. Khusro.  (R. 15-16).  The Appeals Council held that Dr. Khusro's statement was not chronologically relevant because it did not relate to the period at issue.  (R. 2).  The magistrate judge's report recommends affirming the decision, explaining that "the Appeals Council concluded that the November 5, 2016, statement from Dr. Khusro reflected a time period later than that considered by the ALJ," and "[t]he Appeals Council did not need to give a more detailed explanation or to address each piece of evidence individually."  (Doc. 16 at 30 citing *Mitchell v. Commissioner, Social Security Administration*, 771 F.3d 780 (11th Cir. 2014)).

---

[1] In his report, the magistrate judge advised the parties that objections "should not . . . repeat legal arguments."  (Doc. 16 at 33).  In large part, Ms. Tays's objection regarding the chronological relevance of Dr. Khusro's statement appears to be legal argument copied and pasted from Ms. Tays's brief in support of her appeal.  (*Compare* Doc. 11 at 29-35 *with* Doc. 17 at 2-11).  In the future, the court expects Ms. Tays's counsel to comply with the court's instructions when he files objections on behalf of claimants he represents.

Ms. Tays argues that the magistrate judge's recommendation should not be adopted because *Mitchell* does not control the analysis. The court agrees that *Mitchell* does not control. In *Mitchell*, the Appeals Council considered the additional evidence that the claimant presented regarding his claim but found that "the information did not provide a basis for changing the ALJ's decision." *Mitchell*, 771 F.3d at 782. On appeal, the claimant argued that the Appeals Council "was required to provide a discussion of the new evidence" submitted to it. *Id.* The Eleventh Circuit found that there was no reason to doubt the Appeals Council's statement that it considered the additional evidence, and the Appeals Council was not required "to provide a detailed discussion of [the] new evidence when denying a request for review." *Id.* at 783.

*Mitchell* does not apply here for two reasons. First, there is no indication that the Appeals Council considered Dr. Khusro's statement. Second, Ms. Tays's challenge on appeal with respect to the statement is not that the Appeals Council was required to provide a discussion of this evidence but rather that the Appeals Council erroneously failed to consider the statement because it was not chronologically relevant.

Because the Appeals Council did not consider Dr. Khusro's statement, the court must determine whether the Appeals Council erred in failing to consider the

evidence. *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320-21 (11th Cir. 2015). "'With a few exceptions, a claimant is allowed to present new evidence at each stage of the administrative process,' including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram v. Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)). The Appeals Council must review evidence that is new, material, and chronologically relevant. *Ingram,* 496 F.3d at 1261. The court reviews de novo whether supplemental evidence is new, material, and chronologically relevant. *Washington*, 806 F.3d at 1321.

The Appeals Council did not commit legal error when it refused to consider Dr. Khusro's statement because the statement is not chronologically relevant. Evidence is chronologically relevant if it relates to the period on or before of the ALJ's decision. 20 C.F.R. § 404.970(b). A medical evaluation conducted after the ALJ's decision may be chronologically relevant if it pertains to conditions that pre-existed the ALJ's opinion. *Washington*, 806 F.3d at 1322-23 (citing *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983)). In *Washington*, a consultative examiner provided an opinion regarding a claimant's mental condition. Although the opinion post-dated the ALJ's decision, the Eleventh Circuit found that the opinion was chronologically relevant because the examiner indicated in his report

4

that he based his opinion on the claimant's reports that "he had experienced hallucinations throughout this life" and on the state of the claimant's cognitive abilities before the ALJ issued a decision. *Washington*, 806 F.3d at 1322. In addition, the consultative examiner reviewed the claimant's "mental health treatment records from the period before the ALJ's decision reflecting that [the claimant] repeatedly reported experiencing auditory and visual hallucinations." *Washington*, 806 F.3d at 1322.

Dr. Khusro's statement is unlike the consultative examiner's report in *Washington*. Dr. Khusro completed a pre-printed form in which she noted that Ms. Tays's bipolar disorder rendered her unable to work. (R. 16). Although the statement explains that Ms. Tays was diagnosed with bipolar disorder in 2007, the statement expressly states that Ms. Tays is unable to work because of her "current condition." (R. 16). The statement does not demonstrate that Dr. Khusro relied on reports that Ms. Tays experienced disabling symptoms during the relevant time period or that Dr. Khusro reviewed treatment records from before the ALJ's decision that speak to Ms. Tays's bipolar disorder. (R. 16). Because Dr. Khusro's statement "was not chronologically relevant, the Appeals Council was not required to consider it." *Hargress v. Soc. Sec. Admin., Comm'r*, 874 F.3d 1284, 1291 (11th Cir. 2017).

5

Even if Dr. Khusro's statement were chronologically relevant, remand is not required because the statement is not material. For supplemental evidence to be material, the evidence must be "relevant and probative so that there is a reasonable possibility that it would change the administrative result." *Hyde v. Bowen*, 823 F.2d 456, 459 (11th Cir. 1987). Statements that a claimant is "disabled" or "unable to work" are not medical opinions entitled to any special deference. *See* 20 C.F.R. § 404.1527(d)(1). Dr. Khusro's November 5, 2016 conclusory statement that Ms. Tays is permanently disabled contains no objective medical findings or other evidence that undermines the ALJ's determination based on her review of the medical evidence as a whole.

Because Dr. Khusro's November 5, 2016 statement is neither chronologically relevant nor material, the Appeals Council did not commit reversible error by failing to consider the evidence.

## II. Dr. Estock's Opinion

Ms. Tays objects to the magistrate judge's finding that the ALJ "provided proper clarity in her reasoning in adopting most of Dr. Estock's opinion." (Doc. 17 at 11) (citing Doc. 16 at 24). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). "In the absence of such a

statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id.* (internal quotations omitted). Thus, "when the ALJ fails to state with at least some measure of clarity the grounds for his decision, we will decline to affirm simply because some rationale might have supported the ALJ's conclusion." *Id.*

After reviewing Dr. Estock's findings, the ALJ gave "significant, though not great weight to Dr. Estock's opinion evidence." (R. 28). The ALJ explained that Ms. Tays's "mental health treatment records indicate that she has remained stable with monthly counseling sessions and medication management visits every six months, which is inconsistent with Dr. Estock's prediction regarding depression-related absenteeism." (R. 28). Through this statement, the ALJ clearly articulated why she dismissed the portion of Dr. Estock's opinion concerning Ms. Tays's potential depression-related absenteeism. With the exception of citing the applicable legal standard and providing a number of case citations, Ms. Tays advances no substantive argument regarding why this explanation is insufficient. (*See* Doc. 17 at 12-15). Accordingly, the court finds that the ALJ properly considered Dr. Estock's opinion.

## III. Conclusion

Having carefully reviewed and considered *de novo* "those portions of the report or specified proposed findings or recommendations to which" Ms. Tays's objects, *see* 28 U.S.C. § 636(b)(1)(C), and for the reasons outlined above, the court **ACCEPTS** the magistrate judge's recommendation and **AFFIRMS** the Commissioner's decision.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this January 9, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE